Gennady Lebedev, Esq. SBN: 179945
Sam Helmi, Esq. SBN: 239972
LEBEDEV, MICHAEL & HELMI, APLC
10999 Riverside Drive, Suite 201
Studio City, California 91602
Telephone: (818) 757-7677
Facsimile: (818) 757-7047

Attorneys for Plaintiff:
WESLEY H. AVERY, Chapter 7 Trustee of
LUIS POSADA

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>LUIS POSADA, an individual,<br><br>        Debtor.<br><br>_____<br><br>WESLEY H. AVERY, Chapter 7 Trustee of LUIS POSADA.<br><br>        Plaintiff,<br>v.<br><br>LUIS POSADA, an individual; EVANGELINA POSADA, an individual; ARCADIO POSADA, an individual; and ANITA POSADA, an individual; and Does 1-20, inclusive,<br><br>        Defendants.<br>_____ | Case No.: 2:17-bk-10922-WB<br>Chapter 7<br>Adv. No.<br><br>**TRUSTEE'S COMPLAINT FOR: AVOIDANCE OF POSTPETITION TRANSFER; AVOIDANCE OF FRAUDULENT TRANSFER; RECOVERY OF AVOIDED TRANSFER; PERMISSION TO SELL REAL PROPERTY IN WHICH NON-DEBTOR ASSERT AN INTEREST; TURNOVER; INJUNCTIVE RELIEF** |

**TO THE HONORABLE UNITED STATES BANKRUPTCY COURT, AND TO DEFENDANTS:**

Plaintiff, WESLEY H. AVERY, the duly appointed and acting chapter 7 Trustee (the "Trustee" or "Plaintiff"), for the bankruptcy estate (the "Estate") of Luis Posada (the "Debtor"), by and though its undersigned counsel, hereby complains of the above-captioned Defendants, and each of them (collectively, the "Defendants") as follows.

**NATURE OF THE CASE**

1. Plaintiff seeks to avoid and recover from Defendants, or any other person or entity

1
TRUSTEE'S COMPLAINT

for whose benefit the unauthorized transfer was made subsequent to the Debtor's commencement of the bankruptcy proceeding, pursuant to section 549 of chapter 11 of title 11 of the United States Code ("the "Bankruptcy Code") for the benefit of the Estate and Debtor's creditors.

2. In addition, Plaintiff seeks permission from the Court to sell the residence that was transferred, or Debtors undivided interest in residence, for the benefit of the Estate and Debtor's creditors.

**PARTIES**

3. Plaintiff is the duly appointed and acting chapter trustee of Debtor in Case No. 2:17-bk-10922-WB (the "Bankruptcy Case"). The Debtor commenced the Bankruptcy Case by filing a chapter 13 petition on January 25, 2017. It was converted to chapter 7 by an order entered on July 7, 2017, in which Plaintiff was duly appointed as trustee.

4. Defendant LUIS POSADA is the Debtor in the Bankruptcy Case (the "Debtor"); Defendant EVANGELINA POSADA is Debtor's wife (the "Wife").

5. Defendant ARCADIO POSADA ("ARCADIO") is the brother of the Debtor; Defendant ANITA POSADA ("ANITA") is ARCADIO's wife (collectively the "Transferees"). The Transferees are insiders of the Debtor.

**THE REAL PROPERTY SUBJECT OF THIS ADVERSARY PROCEEDING**

6. The following real property is a single family residence commonly known as 4922 E. San Vincente Street, Compton, California 90221, Assessor Parcel Number 6185-002-062 and legally described as: Lot 214 in Block 9 of Tact No. 6251, as per map recorded in Book 67, Page 7 through 12 of Maps, in the Los Angeles County Recorder, City of Compton, County of Los Angeles, State of California (the "Residence").

**JURISDICTION**

7. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (2) and 1334(a) and General Order No. 242-A of the District Court for the Central District of California, as this is a core proceeding under 28 U.S.C. § 157(a) and § 157(b)(2)(A), (E), (H) and (O). Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that the instant adversary proceeding is related to the Bankruptcy Case which is a case under Title 11 of the U.S. Code.

## GENERAL ALLEGATIONS

8. On January 25, 2017, Debtor filed for chapter 13 voluntary bankruptcy petition and the court duly appointed Nancy Curry as Chapter 13 Trustee (the "CH.13 TRUSTEE").

9. On March 2, 2017, the CH.13 TRUSTEE filed a challenge to the confirmation of the proposed plan because the Debtor failed to comply with the business reporting requirements.

10. The CH.13 TRUSTEE recommended for the case to be converted to chapter 7 bankruptcy, or in the alternate, be dismissed.

11. The Debtor's case was converted from chapter 13 to chapter 7 by an order entered on July 7, 2017, whereby WESLEY was appointed as Trustee.

12. On the Petition Date, Debtor was already married to his Wife.

13. The Debtor, his Wife, and Transferees owned the Residence as joint tenants since on or about November 15, 1985.

14. Among the scheduled assets of the Estate was the Debtor's joint tenancy interest in the Residence.

15. By a grant deed recorded on or about February 14, 2017, after the petition date, the Debtor, the Wife, and the Transferees transferred their joint tenancy interest in the Residence for no consideration to the Transferees without Court approval (collectively the "Transfer") in violation of Section 549(a). A true and correct copy of the Grant Deed is attached hereto and incorporated herein as **Exhibit 1**.

16. Under California law, a grantor is judicially estopped from denying the terms of a deed signed and delivered by the grantor to the grantee. As such, the admission of the Debtor in the Grant Deed that the Transfer was for no consideration is conclusive. See Tartar v. Hall, 3 Cal. 263, 266 (1853). See also Cal. Evid. Code §§ 620, 622 and 623.

17. The Residence constituted all or substantially all of the Debtor's non-exempt assets.

18. The Residence had valuable equity for the benefit of the Debtor's creditors as of the date of the Transfer.

19. The Debtor was insolvent when the Transfer was made or became insolvent as a result of the Transfer.

20. The Debtor, his Wife, and the Transferees conspired to make the Transfer in order

to defraud Debtor's creditors.

21. There exists a secured creditor of the Estate that holds an allowable claim under 11 U.S.C. § ("Section") 502 that was also a creditor of the Debtor at the time of the Transfer which is voidable under the California Uniform Fraudulent Transfer Act.

22. The instant complaint (the "Complaint") initiates an adversary proceeding (the "Adversary Proceeding") by which the Trustee seeks to recover the Transfer or the value thereof as a fraudulent conveyance or preference, (ii) equitable relief, (iii) to obtain compensatory and punitive damages; and (iv) an award of attorney fees for the benefit of the Estate, from the Defendants pursuant to Sections 105(a), 363(h), 542(a), 548(a), 549(a) and 550, and Cal. Civ. Code §§ 1950.5(h).

23. Plaintiff is ignorant of the true names and capacities of Defendants named herein as DOES 1-20, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to state their true names and capacities when ascertained, together with appropriate charging allegations. Plaintiff is informed and believes, and therefore alleges, that each of these fictitiously-named Defendants is responsible in some manner for the occurrences herein alleged, and that the damages as herein alleged were proximately caused by such Defendants.

**FIRST CLAIM FOR RELIEF**

**[Avoidance of Postpetition Transactions 11 U.S.C. § 549(a)(1)( 2)(B)]**

24. Plaintiff refers to and incorporates herein each and every allegation contained in Paragraphs 1 through 23, inclusive, of this Complaint as though fully set forth at length herein.

25. Debtor filed for relief on January 25, 2017.

26. Debtor transferred his interest in the Residence to Transferees without receiving any value in exchange on February 14, 2017, after the petition date.

27. The Debtor was insolvent on the date that the Transfer was made or became insolvent as a result of such transfer.

28. The Residence was property of estate.

29. The Transfer was not authorized by the Bankruptcy Court.

30. Therefore, the Transfer is avoidable under Section § 549(a)(1)( 2)(B).

**SECOND CLAIM FOR RELIEF**

**[Avoidance of Constructive Fraudulent Transfer under 11 U.S.C. § 548(a)(1)(A)]**

31.     Plaintiff refers to and incorporates herein each and every allegation contained in Paragraphs 1 through 30, inclusive, of this Complaint as though fully set forth at length herein.

32.     Within two years prior to the Petition Date, the Debtor made the Transfer to the Transferees without receiving any consideration or a reasonably equivalent value in exchange for such Transfer.

33.     The Transfer was made after the chapter 13 application was denied for failure to report business requirements and was then converted to a chapter 7 bankruptcy.

34.     Debtor made such Transfer with the intent to hinder, delay, or defraud creditors.

35.     Therefore, the Transfer is avoidable under Section 548(a)(1)(A).

### THIRD CLAIM FOR RELIEF

**[Avoidance of Constructive Fraudulent Transfer under 11 U.S.C. § 548(a)(1)(B)(i)(ii)(I)]**

36.     Plaintiff refers to and incorporates herein each and every allegation contained in Paragraphs 1 through 35, inclusive, of this Complaint as though fully set forth at length herein.

37.     Within two years prior to the Petition Date, the Debtor made the Transfer without receiving a reasonably equivalent value in exchange for such Transfer.

38.     Debtor received less than a reasonable equivalent value in exchange for such Transfer.

39.     Debtor was insolvent on the date that such Transfer was made or became insolvent as a result of such transfer.

40.     Therefore, the Transfer is avoidable under Section 548(a)(1)(B)(i) and (ii)(III).

### FOURTH CLAIM FOR RELIEF

**[Avoidance of Constructive Fraudulent Transfer under 11 U.S.C. § 548(a)(1)(B)(i)(ii)(IV)]**

41.     Plaintiff refers to and incorporates herein each and every allegation contained in Paragraphs 1 through 40, inclusive, of this Complaint as though fully set forth at length herein.

42.     Within two years prior to the Petition Date, the Debtor made the Transfer without receiving a reasonably equivalent value in exchange for such Transfer.

43.     The Debtor was insolvent on the date that Transfer was made or became insolvent as a result of such Transfer.

44.     The Plaintiff is informed and believes that Defendants did not take possession of

the Transfer in good faith and for a reasonably equivalent value, and took possession thereof with knowledge of the voidability of such Transfer.

45. The Debtor made such Transfer for the benefit of the Transferees, insiders of the Debtor.

46. Therefore, such Transfer is avoidable under Section 544(b) and Cal. Civ. Code §§ 3439.05 and 3439.07-09.

## FIFTH CLAIM FOR RELIEF

### [Recovery of Avoided Transfer or Value Thereof Under 11 U.S.C. § 550(a)]

47. Plaintiff refers to and incorporates herein each and every allegation contained in paragraphs 1 through 46, inclusive, of this Complaint as though fully set forth at length herein.

48. Plaintiff is entitled to not only avoid the Transfer, but also to recover the Residence or its value thereof under Section 550(a)(1) for the benefit of the Estate.

49. The Transferees did not take the Residence for value, did not take the Residence in good faith, and took the Residence with knowledge of the voidability of the Transfer.

50. Accordingly, Plaintiff is entitled to set aside and recover from Defendants the Residence or its value under Section 550(a).

## SIXTH CLAIM FOR RELIEF

### [Sale of Property in Which a Non-Debtor Asserts an Interest - 11 U.S.C. § 363(h)]

51. Plaintiff refers to and incorporates herein each and every allegation contained in paragraphs 1 through 50, inclusive, of this Complaint as though fully set forth at length herein.

52. Pursuant to Section 363(h), the Trustee seeks to sell the Residence free and clear of any interests of the Defendants and recover the value of the Estate's interest in the Residence.

53. The Trustee alleges that the partition of the Residence is impracticable.

54. The Trustee alleges that the sale of the undivided interest in the Residence would result in significantly less than a sale of the Residence free of any interest of the Defendants.

55. The Trustee alleges that the benefit to the Estate of the sale of the Residence outweighs the detriment to the Defendants.

56. The Trustee alleges that the Residence is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

57. By reason of the foregoing, the Plaintiff is entitled to sell the Residence free and

clear of any interest of the Defendants pursuant to Section 363(h).

## SEVENTH CLAIM FOR RELIEF

### [Turnover - 11 U.S.C. § 542(a) and Cal. Civ. Code § 1950.5(h)]

58. Plaintiff refers to and incorporates herein each and every allegation contained in paragraphs 1 through 57, inclusive, of this Complaint as though fully set forth at length herein.

59. The Residence, its books and records, its rent rolls, and its security and rent deposits, if any, are property of the Estate that the Trustee may use, sell or lease under Section 363, and relate to the Debtor's financial affairs. Furthermore, as the successor landlord of the Residence, the Trustee is entitled to any security and rent deposits pursuant to Cal. Civ. Code § 1950.5(h).

60. Plaintiff is entitled to turnover of the Residence, its books and records, its rent rolls, and its security and rent deposits pursuant to Section 542(a) and (e), and Cal. Civ. Code § 1950.5(h**).**

## EIGHTH CLAIM FOR RELIEF

### [Injunction - 11 U.S.C. § 105(a)]

61. Plaintiff refers to and incorporates herein each and every allegation contained in paragraphs 1 through 60, inclusive, of this Complaint as though fully set forth at length herein.

62. "The basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies." Weinberger v. Romero-Barcelo, 456 US 305, 312, 102 S.Ct. 1798, 1803 (1982). See also Stanley v. Univ. of So. Cal., 13 F3d 1313, 1320 (9th Circ. 1994.

63. "The Court may issue any order, process, or judgment that is necssary or appropriate to carry out the provision this title." 11 U.S.C. § 105.

64. Plaintiff will be irreparably harmed if the Defendants are not enjoined from: (i) recording liens against the Residence, (ii) committing acts of waste involving the Residence; or (iii) interfering with the Trustee's operation or sale of the Residence. Plaintiff has no adequate legal remedy to prevent the Defendants aforementioned harmful conduct.

65. Plaintiff is therefore entitled to injunctive relief which enjoins the Defendants from: (i) recording liens against the Residence, (ii) committing acts of waste involving the Residence; or (iii) interfering with the Trustee's operation or sale of the Residence.

**WHEREFORE**, the Plaintiff respectfully prays for judgment against the Defendants as follows:

A.    On the first through fourth claims for relief, that the Transfer be avoided for the benefit of the Estate;

B.    On the fifth claim for relief, that the Residence and its profits be recovered by the Estate;

C.    On the sixth claim for relief, for permission to sell the Residence and the Defendants' undivided interest in same, if any;

D.    On the seventh claim for relief, for turnover of the Residence, their books and records, their rent rolls, and their security and rent deposits;

E.    On the claim for relief, for injunctive relief which enjoins the Defendants from: (i) recording liens against the Residence, (ii) committing acts of waste involving the Residence; or (iii) interfering with the Trustee's operation or sale of the Residence;

F.    For attorney fees and costs incurred by the Plaintiff; and

G.    Such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: October 30, 2018　　　　　　　　　　　LEBEDEV, MICHAEL & HELMI, APLC

By: _____
Gennady L. Lebedev, Esq.
Attorneys for Plaintiff
WESLEY H. AVERY, Chapter 7 Trustee

# EXHIBIT 1

**This page is part of your document - DO NOT DISCARD**

# 20170183903



**Pages: 0002**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**02/14/17 AT 02:40PM**

|       |       |
|-------|-------|
| FEES: | 22.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 22.00 |



**L E A D S H E E T**

201702143300025

00013365651

008146707

**SEQ:
01**

DAR - Counter (Upfront Scan)

**THIS FORM IS NOT TO BE DUPLICATED**

E534321

RECORDING REQUESTED BY:

MAIL TAX STATEMENTS AND
WHEN RECORDED MAIL TO:

Arcadio Posada
4922 E San Vincente
Compton CA 90221

APN: 6185-002-062                                          SPACE ABOVE THIS LINE IS FOR RECORDER'S USE

# GRANT DEED

"This is a bonafide gift and the grantor received nothing in return R&T11911"

THE UNDERSIGNED GRANTOR(S) DECLARE(S):    DOCUMENTARY TRANSFER TAX IS $0.00
__X__ Computed on full value of property conveyed, or
_____ Computed on full value less liens and encumbrances remaining at time of sale.
_____ Unincorporated area   __X__ City of Compton

For valuable consideration, receipt of which is hereby acknowledged, Arcadio Posada and Anita Posada, Husband and Wife and Luis Posada and Evangelina Posada, Husband and Wife, as Joint Tenants

hereby GRANT(S) to Arcadio Posada and Anita Posada Husband and Wife as Joint tenants

the real property situated in the County of Los Angeles, State of California, more particularly described as:
Lot 214 in Block 9 of Tract No.6251 as Per Map recorded in Book 67 Pages 7 through 12 of Maps in the Office of the County Recorder of said County

Also known as: 4922 San Vincente Street, Compton CA 90221

_____    _____
Arcadio Posada                      Anita Posada

_____    _____
Luis Posada                         Evangelina Posada

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF Los Angeles

On February 14, 2017 before me, Belen Garcia, Notary Public, Notary Public, personally appeared Arcadio Posada, Anita Posada, Luis Posada, and Evangelina Posada, who proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature_____
                                        MAIL TAX STATEMENTS AS DIRECTED ABOVE

BELEN GARCIA
Commission # 2116312
Notary Public - California
Los Angeles County
My Comm. Expires Jun 19, 2019